UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICKEY BENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:23-cv-02510-SHM-tmp |
| ) | |
| THE HEALTHCARE STAFF OF SHELBY ) | |
| COUNTY CRIMINAL JUSTICE CENTER, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR RELIEF AND MOTION FOR EXTENSION OF TIME TO APPEAL AND WARNING BENSON OF MONETARY SANCTIONS FOR ABUSE OF THE JUDICIAL PROCESS**

Before the Court are the "Motion for Relief from Order Denying Motion to Reopen Case (Document 37) Under F.R.C.P. 60 With Notice of Appeal From the Order Denying Motion to Reopen Case (Document 37) Under The FRCP/FRAP" (*see* "Motion for Relief," ECF No. 45) and the "Petition To Extend Time To File Notice Of Appeal With Notice Of Appeal" (*see* "Motion for Extension of Time to Appeal", ECF No. 46) filed by Plaintiff Rickey Benson in his closed case.

I.   **BACKGROUND**

Benson is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). The Court has declared Benson to be a vexatious litigant who misuses the federal court's jurisdiction through repetitive filing, and Benson has been admonished for filing baseless motions. (*See* ECF No. 40 at PageID 125.) The Court has warned Benson that, if he continues to file baseless motions in this closed case, the Court will order that all of his motions be summarily denied and may impose additional sanctions, including a monetary

fine. (*Id.*; *see* ECF No. 43 at PageID 133 ("The Court warns Benson that the continued filing of baseless motions in this closed case may result in summary dismissal and monetary fines").

Benson filed the Complaint in the instant case on August 14, 2023. (ECF No. 1.) On December 12, 2023, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(g), denied leave to proceed *in forma pauperis*, and denied all pending motions without prejudice. (ECF No. 20.) The Court said that it would "re-open this case on a motion that (1) shall be filed by Benson WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the four hundred and five dollar ($405.00) CIVIL FILING FEE. If Benson fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice." (*Id.* at PageID 62.)

On January 16, 2024, Benson filed a notice of appeal (Case No. 24-5081). (ECF No. 24.) On March 11, 2024, the United States Court of Appeals for the Sixth Circuit dismissed the case for failure to pay the filing fee. (ECF No. 27.)

On March 21, 2025, Benson filed a motion for extension of time to proceed *in forma pauperis*. (ECF No. 28.) On March 29, 2024, the Court denied the pending motions and dismissed the case with prejudice because Benson did not allege facts demonstrating that he was in imminent danger of physical injury (*see* ECF No. 20 at PageID 61) and failed to file a timely motion to reopen the case. (*See* ECF No. 29 at PageID 113-15.) Judgment was entered the same day. (ECF No. 30.)

Benson appealed. (ECF No. 31.) On June 7, 2024, the United States Court of Appeals for the Sixth Circuit (Case No. 24-5388) dismissed the appeal for failure to pay the proper fee. (ECF No. 33 at PageID 101.)

On October 21, 2024, Benson filed a motion to reopen the case alleging that the defendants "lost[], destroyed or confiscated my legal mail from the USCA6 that caused the USCA6 to

2

dismiss" the appeal for want of prosecution. (ECF No. 35 at PageID 105.) On November 20, 2024, the Court construed Benson's Motion to Reopen as filed under Fed. R. Civ. P. 60(b) and denied relief. (ECF No. 37 at PageID 118.) Benson filed a Notice of Change of Address one week later on November 27, 2024. (ECF No. 38.)

On February 6, 2025, the Court denied Benson's Motion to Add Defendants because Benson's case had been dismissed. (ECF No. 40 at PageID 125.)

On March 14, 2025, Benson filed a motion requesting an FBI investigation about unreceived legal mail. (ECF No. 43.)

On April 4, 2025, Benson filed a motion for extension of time to file a notice of appeal (ECF No. 42) from the November 20, 2024 Order (ECF No. 37) and from the February 6, 2025 Order (ECF No. 40).

On April 10, 2025, the Court denied Benson's motion requesting an FBI investigation. (ECF No. 43.)

On April 15, 2025, the Court denied an extension of time to appeal because Benson's motion "was filed months after the entry of the orders he wishes to appeal" and was untimely. (ECF No. 44 at PageID 135.)

On April 18, 2025, Benson filed a Motion for Relief asserting that the Court "has deprived me of" the Court's November 20, 2024 Order denying the motion to reopen (ECF No. 37). (*See* ECF No. 45 at PageID 136.)

On April 22, 2025, the Court mailed Benson a courtesy copy of the November 20, 2024 order to his address of record.

On June 18, 2025, Benson filed his Motion for Extension of Time To Appeal. (ECF No. 46.)

II.   **MOTION FOR RELIEF**

Benson alleges that the Court is attempting "to deprive me of my constitutional rights of access to the USCA6, to attempt to cover up the fact that my petition for en banc hearing of USCA6, No. 24-5081 is the only key to the justice that I deserve to the injustice of the USDC overlooking such issues in my complaint about the defendants plotting to cause my hernia to kill me . . .." (ECF No. 45.) Benson alleges that the Court has deprived him of the November 20, 2024 order (*see* ECF No. 37). (ECF No. 45 at PageID 136.) Benson filed a change of address on November 27, 2024, a week after the November 20, 2024 order. (*Id.*; *see* ECF No. 38.)

The Court construes Benson's Motion for Relief as a motion filed pursuant to Fed. R. Civ. P. 60(b). Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment or order for one of several defined reasons, including mistake or inadvertence, newly discovered evidence, fraud, if there is a defect in the judgment, or for any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(1)–(6). "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).

Benson's motion to reopen alleges that defendants "lost, destroyed or confiscated" Benson's legal mail causing the Sixth Circuit to dismiss his appeal for want of prosecution. (ECF No. 35 at PageID 105.)[1] The Court denied the motion to reopen because Benson had not alleged mistake, inadvertence, newly discovered evidence, fraud, or defect in judgment and had not shown any reason justifying relief. (ECF No. 37.) Similarly with the instant motion, Benson has failed to present any reason for the Court to reconsider the denial of the motion to reopen.

---

[1] The Sixth Circuit dismissed Benson's appeal for failure to pay the appellate filing fee.[1] (*See* ECF No. 33.)

4

For these reasons, the Motion for Relief (ECF No. 45) is DENIED.

### III.  MOTION FOR EXTENSION OF TIME TO APPEAL

Benson requests an extension of time to appeal the Court's April 15, 2025 order (*see* ECF No. 44) denying a motion for extension of time to appeal the Court's November 20, 2024 order denying motion to reopen (*see* ECF No. 37).  (ECF No. 46.)  Benson alleges that, on April 29, 2025, he filed a petition to extend time to file a notice of appeal and a notice of appeal in the Sixth Circuit, which was received by the clerk on May 27, 2025, and that Senior Case Administrator Patricia Elder returned the petition and notice of appeal on May 29, 2025.  (*Id.* at PageID 138.)  Benson alleges that this petition presents "grounds for the USDC to extend time to file" a notice of appeal.  (*Id.* at PageID 138.)  Benson purports to have attached the document from the Sixth Circuit.  (*Id.*)  No document was attached to his filing.

The district court may extend the time to file a notice of appeal if the party "moves no later than 30 days after the time prescribed by" Federal Rule of Appellate Procedure 4(a) expires and "shows excusable neglect or good cause."  *See* Fed. R. App. P. 5(A).  Benson's motion for extension of time to appeal is untimely.  Benson has failed to show excusable neglect or good cause.  The motion for extension of time to appeal (ECF No. 46) is DENIED.

### IV.  WARNING OF MONETARY SANCTIONS

Benson is a vexatious litigant who misuses the federal court's jurisdiction.  The two motions addressed here are baseless.  The Court finds that Benson's continued filing of baseless motions in this closed case constitutes an abuse of the judicial process and a waste of judicial resources.  This Court has the obligation and the authority to prevent this type of abuse.  *See Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *see Jones v. Wright*, No. 2:23-CV-

29-TAV-CRW, 2024 WL 3939541, at *2 (E.D. Tenn. Aug. 26, 2024) (warning of monetary sanctions for "further filing of frivolous and abusive post-judgment motions").

Because Benson has continued to file baseless motions in this closed case, the Court hereby **WARNS** Benson that if he continues to file baseless motions in this case, the Court may summarily dismiss the motion(s) and impose a monetary sanction of $100.00 per violation.

IT IS SO ORDERED this 27th day of June, 2025.

                                               /s/ *Samuel H. Mays, Jr.*
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE